COOPER v. HEDDEN CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. MASTER AND SERVANT (§ 301*)—ACTS OF EMPLOYÉS OF SUBCONTRACTOR.

Where two boys employed by a subcontractor of a building threw missiles through the skylight of a photographer's studio in an adjoining building, and the general contractor, although the boys were not its servants or under its control, took measures which caused the annoyance to end before it had been persisted in long enough to grow into a nuisance, the general contractor was not liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. BAILMENT (§ 21*)—THIRD PERSONS—RIGHT OF RECOVERY.

Where a picture belonging to a third person was left at a photographer's studio to be photographed, and while there was struck by missiles thrown through the skylight of the studio, the photographer could not recover for the damage to the picture; the injury not being one for which he could be held responsible by the third party.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91–102; Dec. Dig. § 21.*]

Appeal from Trial Term, New York County.

Action by William A. Cooper against the Hedden Construction Company and another. From a judgment for plaintiff, the Hedden Construction Company appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John Burlinson Coleman, of New York City, for appellant.
Charles S. Mackenzie, of New York City, for respondent.

SCOTT, J. [1] The appellant in March, 1910, was the general contractor for the erection of a 20-story building on the northeast corner of Fifth avenue and Thirty-First street in the city of New York. The defendant Baldwin Construction Company was a subcontractor for the heating and ventilating work. The work upon the building was approaching completion, and there were a considerable number of workmen employed. Plaintiff was a photographer occupying a studio on the top floor of the five-story building on the southeast corner of Thirty-First street and Fifth avenue. The studio was lighted by a large glass skylight upon the roof. On March 21, 1910, the skylight over plaintiff's studio was broken by some missile or missiles which were undoubtedly thrown by some one from one of the windows of the building which appellant was engaged in constructing. The same thing was repeated several times during the following 10 days, after which the annoyance seems to have ceased. The plaintiff, a day or two after the first breaking, sought out the superintendent in charge of the building operations, an employé of appellant, and complained to him. He seems to have been sympathetic and to have shown a disposition to do all in his power to abate the nuisance. At length the plaintiff, by watching, was able to identify two young boys as the persons who threw the missiles. They proved to be employés

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the Baldwin Engineering Company over whom neither defendant nor its superintendent had control. The latter, however, called upon the foreman of the Baldwin Company to take action, and after consultation with plaintiff, and with his approval, the delinquents were discharged, and thereafter the annoyance ceased. The whole matter covered only a period of 10 days.

It is not easy to see upon what principle the appellant can be held liable for damages upon this state of facts. The offenders were not its servants or under its control; the annoyance was not persisted in for a sufficient length of time to grow into a nuisance; and defendant, through its superintendent, was prompt and active in taking measures to bring the annoyance to an end. The plaintiff relies upon Hogel v. Franklin Manufacturing Company, 199 N. Y. 388, 92 N. E. 794, 32 L. R. A. (N. S.) 1038; but that case presented a very different state of facts. The persons who threw objects from the windows of the defendant's factory onto plaintiff's lot were employés of the defendant, and their custom of doing so had lasted continuously for 18 months. These facts were brought to the attention of defendant's officers, who took no effective means to prevent a recurrence. On the contrary, the practice continued and increased, resulting finally in personal injury to the plaintiff. It is not necessary to point out in detail the wide difference between the case cited and the present. A recitation of the facts is sufficient. Upon the evidence as it stood, we consider that defendant was entitled to a nonsuit, and if the case, on any theory, should have been sent to the jury, it was clear error to refuse to charge that the plaintiff could not recover against this defendant unless the jury was satisfied that the acts complained of were done by a servant or employé of the defendant.

[2] We think that it was also error to permit the plaintiff to recover for the injury done to a painting standing in his studio for the purpose of being photographed, but belonging to a third person. Under the circumstances, there could be no liability from plaintiff to the owner, for plaintiff could certainly not have been charged with negligence in subjecting the painting to damage which was not to be foreseen.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.